May it please the court, my name is Sean Oswald, I'm here representing the strong law office for Danielle Hanson, the plaintiff appellant. The question here is how Dodson was applied and whether or not the application of Dodson to this case was correct. This is, there are facts that are testified to which are not disputed and the commission is entirely right in finding facts because that was the commission's role here. What the commission did incorrectly was the commission applied the Dodson standard when the Dodson standard addresses a different situation. The Dodson standard addressed the situation where an employee punches out, is leaving work for the day, is entirely done, and takes an unsafe path to her own vehicle. Here the Petitioner is on the job, the Petitioner is not leaving the building for her own benefit. In fact, she didn't want to leave the building at all, but she had to. She had to go out to her car to get the codes. Let's assume she's on the job. I think you've fairly convinced me that she is, that's distinguished from Dodson. But if you look at all of these cases, okay, the employer did not require her to park where she parked, correct? Actually, she parked in the designated parking area. Okay. She chose to park her vehicle in the rear parking area, correct? As was the designated parking area for employees of that. And we know from Balmer Vito and its progeny, the claimant's injuries are covered under similar circumstances where the employer required the claimant to enter through a certain door and the claimant was forced to do that. The Court specifically noted in Balmer Vito that case did not involve a situation where a claimant, quote, unquote, freely chose to use a certain path and was injured in doing so. Can we seriously dispute that there isn't any scintilla of hint that the employer told the claimant to scale the retaining wall? She did that completely voluntarily, right? Correct. The employee chose to step up that retaining wall, scale the retaining wall. Your Honor, I would disagree with that particular phraseology. I believe that that's saying more than it is. We're talking about, in our opinion, a 12-inch wall. Let's assume it was 6 inches, okay? That wasn't the only path to get back into the building, was it? No. It was a shortcut that she chose, correct? Correct, which by her testimony was actually the safer route given the temperature that day. And she felt she was exposed to greater risk by taking the 100 steps rather than the 25 steps. Can you explain that? How is it that that's a safer route? Your Honor, I understand and I certainly appreciated Commissioner Mason adding that to her dissent to the Commission. And I think, as I told counsel today, today's a good day to argue that walking outside in the cold is an unpleasant thing. So yes, at first it could simply be perceived to be for her own benefit, for her own safety, or excuse me, not safety, for her own convenience that she chose the shorter path. But the reality is that if she's outside longer in this cold, she's exposing herself to greater risk of becoming ill, to greater risk of not being able to So how's that the employer's problem? Well, if she can't work, then it becomes the employer's problem. But it doesn't mean scaling a retaining wall arose out of her employment. Again, Your Honor, stepping up a 12 inch step is not scaling a retaining wall. Let's set that aside. Can we agree on one thing and one thing only? Her decision to scale, jump, walk carefully up a retaining wall was a voluntary exposure to a risk that she decided to encounter. Correct? We would agree that it was a voluntary choice to take that path. And it has nothing to do with the employer, does it? In terms of her deciding to take that path? No. It had nothing to do with the employer, did it? Remember, she's been called in to come into work early that day, and she needs to get back in the building as quickly as possible. Her decision to step on the wall was completely voluntary, unrelated to any directions or requirements of the employer. Yes. Correct? Yes, Your Honor. We can agree on that. Yes, we can absolutely agree that she is the one who chose that path. And what you want to say is that having taken that path benefited the employer? I want to say both that it did benefit the employer. It benefited the employer by her getting back faster. Because remember, she's been called in early so that her co-worker can leave. Okay. And just following up on that, so if instead of walking and traversing this retaining wall, she instead was running and jumped over it, that's benefiting the employer even more because she's taking less time out of her car. So does that necessarily then bring it within a compensable claim? Obviously, there's always a risk-reward ratio for any set of actions and running. And I think the reason why I think that this case can be distinguished from Dodson or Hatfield are for the very simple reason that those actions strike one as much more dangerous than simply stepping up a 12-inch wall. So your rule would be, we would announce that any time the employee leaves the premises for a legitimate purpose, anything goes as to how they get back into the building, even if they have to pole vault over some wall, is okay. No, I would ask you to apply the standard that Dodson used, which was that to be sure, employees are free to choose any safe route. That's not safe. Stepping up 12 inches, Your Honor? Retaining walls aren't made to be walked on. Your Honor, one thing that needs to be considered here is that the employer was aware of this past. No, no, no. The Supreme Court says acquiescence by the employer is totally irrelevant. Okay. Totally irrelevant. The Supreme Court has said it was Orsini. So, I mean, that is no argument at all. But he knows that these people are doing this. He's not their mother. So he doesn't have to tell them, don't climb cyclone fences to get to work. You know, they're supposed to know that. Look both ways when you cross the street. You know, mothers do that. The employer doesn't do that. Go on. Your best argument is that the demands of the job required her to get in the building, and this was reasonable. That's going to be your best argument. Because clearly, she voluntarily chose to do this. And it has nothing to do with the directions or requirements of the job. And we've argued that in the brief, and I don't want to beat a dead horse with that argument. I think we understand your argument. We would also add, I guess, that as a matter of public policy, we don't think that it's a good standard to have the petitioner guessing every time whether or not this is a safe route. If it's a route that she's used repeatedly, it's clearly safe. She's done this hundreds of times. So we just would suggest that any time that there is a safe route, that that is an acceptable route. Very good. Thank you, Counsel. Counsel, you may respond. May it please the Court. My name is Steve Nelson, and I represent Trinity Express in this case. I would point out that it wasn't necessary for this individual to travel the route she did that resulted in her injury. If you look at the photographs, there's a nice concrete sidewalk right along the building. There's steps in the parking lot where she parked her car. That's the route she entered when she came to work the day she was injured. The route she took was for her convenience. She said that she did it because it was cold, but one can surmise that it was just as cold when she came to work as when she went to the car to get her badge and pass keys. When she came to work, she came in the safe path. When she went out to her car in this cold weather, she took the unsafe path. If you look at the photographs, there's a grassy slope outside the door. She crosses across property that is not rented by my client. She goes into the parking lot. She comes back the same way. She climbs this retaining wall, whether it's 12 inches or 18 inches, and she twists her knee. And I don't think that the law allows her to be compensated for this risk that she took in going to her car and coming back to work. Thank you. Thank you, Counsel. Counsel, you may reply. Counsel, further. Thank you, Counsel, both for your arguments in this matter this morning. We've taken our advisement and a written disposition will issue. Court will stand in brief recess.